```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
NATIONAL CREDIT UNION ADMINISTRATION       :
BOARD, as Liquidating Agent of             :
Southwest Corporate Federal Credit         :
Union and Members United Corporate         :
Federal Credit Union,                      :      13 Civ. 6726 (DLC)
                                           :
                     Plaintiff,            :
            -v-                            :
                                           :
RBS SECURITIES, INC., formerly known       :      OPINION AND ORDER
as Greenwich Capital Markets, Inc. and     :
RBS ACCEPTANCE, INC., formerly known       :
as Greenwich Capital Acceptance, Inc.,     :
                                           :
                     Defendants.           :
                                           :
------------------------------------------X
```

APPEARANCES

For the Plaintiff:

Fredrick R. Kessler, David H. Wollmuth, Steven S. Fitzgerald, and Ryan A. Kane
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue, 12th Floor
New York, NY 10010

George A. Zelcs
Korein Tillery LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601

Stephen M. Tillery, Greg G. Gutzler, Peter H. Rachman, and Robert L. King
Korein Tillery LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101

David Fredrick, Wan J. Kim, Gregory G. Rapawy, and Andrew C. Shen
Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.
Sumner Square, 1615 M Street, N.W., Suite 400
Washington, DC 20036

For the Defendants:

David Ian Horowitz, Michael Courtney Keats
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022

Robert Alexander Pilmer
Kirkland & Ellis LLP
333 South Hope Street
Los Angeles, CA 90071


DENISE COTE, District Judge

On March 3, 2014, plaintiff moved for an order granting leave for Richard M. Elias ("Elias") to appear as counsel on behalf of plaintiff in this action. Defendants ("RBS") have not submitted any opposition to the motion. For the following reasons, the motion is granted.

BACKGROUND

Plaintiff's motion seeks a ruling that Elias should not be disqualified from this matter due to his prior government experience as an Assistant United States Attorney in the Eastern District of California, during which he investigated JPMorgan Chase & Co. and affiliated entities ("JPMorgan") for possible violations of the Financial Institutions Reform, Recovery, and Enforcement Act in connection with JPMorgan's issuing, underwriting, and sale of certain residential mortgage-backed securities ("RMBS"). Elias has since left that U.S. Attorney's

Office and intends to join the firm of Korein Tillery, which represents plaintiff in this matter.

Elias has submitted a declaration stating as follows. During his time at the U.S. Attorney's Office, Elias did not investigate deals in which JPMorgan, Bear Stearns Companies, Inc. ("Bear Stearns"), or Washington Mutual, Inc. ("WaMu") was an underwriter for RMBS issued by RBS.  Elias was not involved in any investigation related to RBS; he was not exposed to any information regarding RMBS issued by RBS; and he did not attend any meetings or conferences in which documents regarding RBS were discussed.  The central repository of documents concerning RMBS to which Elias had access did not contain information regarding RMBS issued by RBS.

In January 2014, Elias left the U.S. Attorney's Office to join the St. Louis office of Korein Tillery.  After consulting with ethics experts, Korein Tillery decided to screen Elias from matters concerning JPMorgan, Morgan Stanley, and Merrill Lynch. In a letter of January 22, Korein Tillery informed counsel for RBS of Elias's background and that it intended to assign Elias to its matters involving RBS.  In correspondence in early February, counsel for RBS invoked New York Rule of Professional Conduct 1.11(c) ("Rule 1.11(c)") and expressed concern that Elias may have acquired confidential information that could be used to RBS's material disadvantage in private litigation.

Despite further communication, counsel for RBS reserved its right to seek appropriate relief at a later time.

On March 3, plaintiff moved for an order granting Elias leave to appear in this matter. An Order of March 5 stated that any opposition to the motion must be served by March 21, 2014. No opposition was filed as of that date, and thus the motion is fully submitted.

DISCUSSION

"The authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process." Hempstead Video, Inc. v. Inc. Vill. of Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005) (citation omitted). "In deciding whether to disqualify an attorney, a district court must balance a client's right freely to choose his counsel against the need to maintain the highest standards of the profession." GSI Commerce Solutions, Inc. v. BabyCenter, L.L.C., 618 F.3d 204, 209 (2d Cir. 2010) (citation omitted).

Motions to disqualify counsel are subject to strict scrutiny because of their potential to be used for tactical purposes. Murray v. Metropolitan Life Ins. Co., 583 F.3d 173, 178 (2d Cir. 2009). "[E]ven when made in the best of faith, such motions inevitably cause delay" in the litigation. Bd. of Educ. v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979). As the Second Circuit has explained:

4

> [D]isqualification has been ordered only in essentially two kinds of cases: (1) where an attorney's conflict of interests . . . undermines the court's confidence in the vigor of the attorney's representation of his client, or more commonly (2) where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation.

Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764-65 (2d Cir. 1990) (quoting Nyquist, 590 F.2d at 1246). "[D]isqualification is warranted only if an attorney's conduct tends to taint the underlying trial." GSI, 618 F.3d at 209 (citation omitted).

Although "decisions on disqualification motions often benefit from guidance offered by the American Bar Association (ABA) and state disciplinary rules, such rules merely provide general guidance and not every violation of a disciplinary rule will necessarily lead to disqualification." Hempstead Video, Inc., 409 F.3d at 132 (citation omitted).  Federal courts adjudicating questions involving the ethics of attorneys look to the local rules of professional conduct for guidance.  See, e.g., id. at 133 (relying on a previous version of the New York attorney professional conduct rules); Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp., 518 F.2d 751, 753 (2d Cir. 1975) (same); Pierce & Weiss, LLP v. Subrogation Partners LLC, 701 F. Supp. 2d 245, 255-56 (E.D.N.Y. 2010) (relying on the current New York Rules of Professional Conduct in adjudicating an attorney disqualification motion).

Although RBS has not filed an opposition to the motion, its February correspondence with counsel for plaintiff invoked New York Rule 1.11(c). Rule 1.11(c) addresses the conflict-of-interest question arising from prior government service, and thus can provide guidance here. See, e.g., Silver Chrysler Plymouth, Inc., 518 F.2d at 753 ("A starting point is of necessity the Code of Professional Responsibility."). Rule 1.11(c) provides in relevant part:

> Except as law may otherwise expressly provide, a lawyer having information that the lawyer knows is confidential government information about a person, acquired when the lawyer was a public officer or employee, may not represent a private client whose interests are adverse to that person in a matter in which the information could be used to the material disadvantage of that person. As used in this Rule, the term "confidential government information" means information that has been obtained under governmental authority and that, at the time this Rule is applied, the government is prohibited by law from disclosing to the public or has a legal privilege not to disclose, and that is not otherwise available to the public.

N.Y. Rules of Prof'l Conduct § 1.11(c). Because the parties have each relied upon the New York rules in addressing this issue, this Opinion will assume that those rules may be relied upon to give guidance here.

Elias is granted leave to appear in this matter. Based on Elias's declaration, the contents of which are undisputed, he had no involvement with RMBS issued by RBS, and thus he has no information that he knows is "confidential government information" about RBS. Accordingly, by the logic of Rule

6

1.11(c), he is not seeking to represent the plaintiff "in a matter in which the information could be used to the material disadvantage of [RBS]." For the same reasons, Elias is not "potentially in a position to use privileged information concerning the other side through prior representation," Bobal, 916 F.2d at 764-65 (citation omitted), and there is no plausible risk that Elias's conduct could "taint the underlying trial." GSI, 618 F.3d at 209 (citation omitted). Finally, by failing to oppose the present motion, RBS has waived any challenge to Elias's representation of plaintiff.

CONCLUSION

    Plaintiff's March 3, 2014 motion is granted.


    SO ORDERED:

Dated:    New York, New York
           March 27, 2014

                                            DENISE COTE
                                  United States District Judge