| | |
|---|---|
| KOREIN TILLERY | Stephen M. Tillery |
| *Attorneys at Law* | STillery@KoreinTillery.com |
| One U.S. Bank Plaza | *p: (314) 241-4844* |
| 505 North 7th Street, Suite 3600 | *f: (314) 241-3525* |
| St. Louis, MO 63101-1625 | |
| www.KoreinTillery.com | |

September 22, 2014

**Via ECF (S.D.N.Y. and C.D. Cal.) and Email (D. Kan.)**

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

The Honorable George H. Wu
United States District Court for the Central District of California
312 North Spring Street
Los Angeles, CA 90012-4701

Re:   *NCUA v. RBS Securities, Inc.*, No. 13-6726 (S.D.N.Y.)
      *NCUA v. RBS Securities, Inc.,* No. 11-5887 (C.D. Cal.)
      *NCUA v. RBS Securities, Inc.*, No. 11-2649 (D. Kan.)

Dear Judges Cote, Lungstrum, Wu, and O'Hara:

The National Credit Union Administration Board, in its capacity as liquidating agent for four credit unions ("NCUA"), respectfully submits this letter in response to RBS's request for deposition transcripts in *NCUA Bd. v. Siravo, et al.*, 10-cv-1597-GW (C.D. Cal.). NCUA has offered to produce the requested materials to both RBS and all Defendants subject to reasonable terms, but neither RBS nor Defendants have yet responded to NCUA's offer.

**1.**     *Siravo* was an action brought by NCUA, in its capacity as liquidating agent for Western Corporate Federal Credit Union ("WesCorp"), against certain former officers and directors of WesCorp for breach of fiduciary duty, negligence, fraud, and unjust enrichment, arising from amendments to the Supplemental Executive Retention Plan for certain executives, and from the high concentration of RMBS in WesCorp's investment portfolio. It did not involve any securities claims, any specific RMBS certificate (much less any certificate involved in these actions), or any of the Defendants. *See* RBS Ex. A. RBS asserts in its letter (at 1 & n.2) that the *Siravo* transcripts speak to NCUA's "general[ ]" knowledge of the RMBS market, but that is irrelevant for two reasons. *First*, "general knowledge" of the RMBS marketplace could not have given a plaintiff "actual knowledge that Defendants would place a sufficient number of defective loans in a given Supporting Loan Group to render false their representations concerning adherence to guidelines." *FHFA v. HSBC N. Am. Holdings Inc.*, 2014 WL 3702587, at *18 n.24, 21 (S.D.N.Y. July 25, 2014); *see also FHFA v. UBS Americas, Inc.*, 2013 WL 3284118, at *14-20 (S.D.N.Y. June 28, 2013) (same); *id.* at *20-21 (only actual knowledge of mortgage loans or securitizations at issue pertinent to statute of limitations defense). *Second*, even if general knowledge were relevant, NCUA's knowledge cannot be imputed to WesCorp (or any other Credit Union) at the time they purchased the RMBS certificates at issue in these actions. *See, e.g.*, *NCUA v. Fisher*, 653 F. Supp. 349, 350 (E.D. Mo. 1986).

**2.**     Despite the very limited relevance of the *Siravo* transcripts, NCUA has offered to produce them in ongoing negotiations with Defendants about the appropriate scope of Section 10(d) of the MDP. Those negotiations began on May 23, 2014, when RBS requested that NCUA produce the *Siravo* transcripts under Section 10(d) of the MDP, which requires the production of transcripts in "RMBS matter[s]." *See* RBS Ex. F. On June 1 & 12, 2014, NCUA explained that *Siravo* was not an "RMBS matter" as currently defined by the MDP, *see* RBS Exs. G, H; or as defined by Defendants themselves, who were withholding transcripts from securities actions brought against Defendants involving some of the same RMBS certificates at issue here on the apparent view that those actions were not "RMBS matter[s]."[1] NCUA nevertheless agreed to produce the *Siravo* transcripts if Defendants would also agree to produce similar materials by expanding the definition of "RMBS matter" to include all civil, criminal, or regulatory matters in which deponents discussed

---

[1] NCUA is aware of several relevant actions pertaining to RMBS involving the same Defendants that created or underwrote the RMBS at issue here. *E.g.*, *Dodona I, LLC v. Goldman, Sachs & Co.*, No. 10 Civ. 7497 (S.D.N.Y.) (securities fraud action involving CDOs secured by RMBS that Goldman allegedly knew were "doomed to lose value" and had taken proprietary short positions). These securities actions speak to Defendants' (1) motivations for creating RMBS, (2) diligence on RMBS transactions, (3) knowledge of RMBS performance, and (4) actions to shift the risk of loss on RMBS from Defendants to unsuspecting investors. In at least one such case (*Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, No. 08 Civ. 7508 (S.D.N.Y.)), plaintiffs have asserted that Morgan Stanley committed fraud in connection with several of the *same* RMBS certificates at issue here – FHLT 2006-C (at issue in *Barclays*), LBMLT 2006-2 (at issue in *RBS*), and BCAP 2007-AA1 (at issue in *Barclays*). Although these transcripts are also responsive to requests for production served by NCUA, Defendants have not agreed to produce them. *See, e.g.*, NCUA Ex. 1 (requests 74 and 75).

RMBS generally, regardless of the claims being litigated or investigated. *See* RBS Ex. H. No Defendant, including RBS, responded to this offer.

On May 28, 2014, all Defendants (including RBS) served a joint RFP seeking the *Siravo* transcripts from NCUA, without reference to Section 10(d). *See* NCUA Ex. 2 (request 84). RBS had issued a substantively identical RFP in the California action. *See* RBS Ex. D. In September 2014 – months after these RFPs had issued, and months after NCUA offered to provide the *Siravo* transcripts under the MDP – Defendants and RBS requested two separate meet and confers about this RFP. The discussion with RBS took place on September 10, 2014. NCUA explained that this issue was better raised and addressed in the context of Defendants' joint RFPs, which contained an identical request and was scheduled for discussion two days later. In any event, NCUA proposed to RBS that the *Siravo* transcripts be treated as transcripts from an "RMBS matter" under Section 10(d) such that, if produced, the testimony in those actions "shall be treated as if taken in the Action" and that the "parties shall endeavor to not subject witnesses to the same questioning for which a transcript was previously provided." *See* NCUA Ex. 3. RBS did not respond to this request. On September 12, 2014, NCUA participated in another meet and confer with all Defendants – including RBS – to discuss (among other things) Defendants' joint request for *Siravo* transcripts. On that call, the parties discussed the fact that Defendants had not responded to NCUA's June 12, 2014 offer. Defendants stated that they were continuing to evaluate that offer. *See id.* RBS filed the instant motion the next business day. Defendants have still not responded to NCUA's June 12, 2014 offer, nor has RBS indicated whether it will agree to treat the *Siravo* transcripts as having been produced under Section 10(d) of the MDP.

**3.** RBS does not fairly characterize the present dispute as related solely to a single request for documents in the California action alone. In fact, there is a joint RFP outstanding from all Defendants that covers these documents, and in any event, section 6(a) of the MDP provides that "[d]ocuments produced in any Action will be treated as though produced in all Actions." Nor does RBS fairly summarize the history of this discussion, which remains incomplete because RBS and Defendants have failed to respond to NCUA's proposal for production of the *Siravo* transcripts.

If the Court chooses to rule on RBS's request at this time, it should order the *Siravo* transcripts produced subject to the provisions of Section 10(d) as transcripts in an "RMBS matter." That section provides a specific mechanism for dealing with deposition transcripts in RMBS matters, which creates substantial efficiencies: previously deposed witnesses may not need to be deposed again in this lawsuit, and even if deposed, would be subject to less duplicative questioning. There is no reason to exclude the *Siravo* transcripts from those efficiencies; Defendants have provided none, despite NCUA's repeated requests; and RBS offers no such reason in its letter other than a conclusory and unpersuasive assertion (at 2 n.3) that the definition of "RMBS matter" is not at issue. Further, if the Court orders the *Siravo* transcripts produced under Section 10(d), it should also clarify or expand the definition of "RMBS matter" in the MDP to encompass all civil, criminal, or regulatory matters in which deponents discussed RMBS generally, as NCUA proposed on June 12. *See* RBS Ex. H. Doing so will ensure consistent, principled treatment of similar materials.

Respectfully submitted,

/s/ Stephen M. Tillery

David C. Frederick
Wan J. Kim
Gregory G. Rapawy
Andrew C. Shen
KELLOGG, HUBER, HANSEN, TODD,
 EVANS & FIGEL, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
dfrederick@khhte.com
wkim@khhte.com
grapawy@khhte.com
ashen@khhte.com

George A. Zelcs
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel: (312) 641-9750
Fax: (312) 641-9751
gzelcs@koreintillery.com

Stephen M. Tillery
Greg G. Gutzler
Robert L. King
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Tel: (314) 241-4844
Fax: (314) 241-3525
stillery@koreintillery.com
ggutzler@koreintillery.com
rking@koreintillery.com

Erik Haas
Peter W. Tomlinson
Philip R. Forlenza
Henry J. Ricardo
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Tel: (212) 336-2000
Fax: (212) 336-2222
ehaas@pbwt.com
pwtomlinson@pbwt.com
prforlenza@pbwt.com
hjricardo@pbwt.com

David H. Wollmuth
Frederick R. Kessler
Steven S. Fitzgerald
Ryan A. Kane
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue, 12th Floor
New York, NY 10110
Tel: (212) 382-3300
Fax: (212) 382-0050
dwollmuth@wmd-law.com
fkessler@wmd-law.com
sfitzgerald@wmd-law.com
rkane@wmd-law.com

Norman E. Siegel (D. Kan. # 70354)
Rachel E. Schwartz (Kan. # 21782)
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
Fax: (816) 714-7101
siegel@stuevesiegel.com
schwartz@stuevesiegel.com

*Attorneys for Plaintiff National Credit Union Administration Board*