IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of Southwest Corporate Federal Credit Union and Members United Corporate Federal Credit Union,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>RBS SECURITIES INC., f/k/a GREENWICH CAPITAL MARKETS, INC., and RBS ACCEPTANCE INC., f/k/a GREENWICH CAPITAL ACCEPTANCE, INC.,<br><br>　　　　　　　Defendants. | Case No.:   13-cv-06726 (DLC)<br><br>**ECF Case**<br><br>**Electronically Filed** |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS RBS SECURITIES INC.'S AND RBS ACCEPTANCE INC.'S
<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

**PRELIMINARY STATEMENT**

NCUA asserts Illinois Blue Sky claims with respect to Members United Corporate Federal Credit Union's purchase of twelve residential mortgage-backed securities. NCUA has treated its Illinois claim as a "strict liability" claim, meaning that, in its view, NCUA could prevail even if Members United did not read the allegedly false statements it challenges. But that is not the law. Indeed, every reported decision addressing Illinois Securities Law Section 12(G) holds that a plaintiff must plead and prove reliance. Although NCUA's First Amended Complaint contains hundreds of paragraphs reciting the contents of offering documents, news articles, and filings in earlier mortgage-backed securities-related litigation, NCUA makes no effort to allege that anyone at Members United ever read or relied on the challenged misrepresentations. Having had two chances to plead its claims, NCUA's claims under Illinois law should be dismissed with prejudice.

**BACKGROUND**

NCUA, as liquidating agent of two failed credit unions, Members United and Southwest Corporate Federal Credit Union, filed its initial complaint on September 23, 2013. ECF No. 1 ("Compl."). NCUA's complaint alleged that the offering documents for the relevant securities contained misrepresentations regarding originators' compliance with underwriting guidelines and certain quantitative characteristics of the mortgage loan collateral backing the offerings. Compl. ¶ 270. NCUA brought claims under Sections 11 and 12(a)(2) of the Securities Act of 1933, under Section 12(G) of the Illinois Securities Law (for Members United), and under Section 33(A) of the Texas Securities Act (for Southwest). This motion only addresses NCUA's Illinois Securities Law claims.

On the same day it filed its initial complaint against RBS, NCUA filed complaints against eight other defendants.[1]  NCUA's case against Morgan Stanley, Case No. 13-cv-06705-DLC (S.D.N.Y.), was designated the "lead case," and, by Court order, no other defendant was to file a motion directed to NCUA's complaint until Morgan Stanley's motion was resolved.  Case No. 13-cv-06705-DLC, ECF No. 21.  Morgan Stanley filed its motion on November 13, 2013.  Case No. 13-cv-06705-DLC, ECF No. 31.  In that motion, Morgan Stanley did not assert the reliance arguments RBS asserts here.  *Id.*  On January 22, 2014, the Court found that NCUA's federal claims were time-barred, but rejected Morgan Stanley's other arguments directed to NCUA's Illinois and Texas Securities Act claims.  Case No. 13-cv-06705-DLC, ECF No. 54.  On March 17, 2014, the Court approved and entered a stipulation between RBS (along with two other defendants in separate actions) and NCUA applying the Court's rulings in *Morgan Stanley* to NCUA's complaint against RBS.  ECF No. 71.

On October 3, 2014, the Court set a November 14, 2014 deadline for NCUA to amend its pleadings or join additional parties.  ECF No. 163.  NCUA then filed its First Amended Complaint, again alleging that the offering documents contained material misrepresentations regarding originators' adherence to underwriting guidelines and quantitative characteristics of the underlying mortgage loans, and adding an Appendix of additional "examples of false and misleading statements."  ECF No. 167 ("FAC").  NCUA added no allegations regarding Members United's purported reliance on any allegedly misleading statement in any prospectus supplement, or any other "offering document."  *See generally id*.

---

[1]  These actions were filed against affiliates of Morgan Stanley, Bear Stearns, Wachovia, Goldman Sachs, Barclays, Residential Funding, UBS, and Credit Suisse.  Case Nos. 13–cv–6705, 6707, 6719, 6721, 6727, 6730, 6731, 6736 (S.D.N.Y.).

**ARGUMENT**

Because NCUA fails to plead reliance, as required by Section 12(G) of the Illinois Securities Act, 815 ILCS § 5/12(G), RBS is entitled to judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

**I.      APPLICABLE LEGAL STANDARD UNDER RULE 12(C).**

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The pleadings here are now closed because the deadline set for amendment has passed and RBS has answered. ECF Nos. 163, 174. After the pleadings are closed, a motion to dismiss for failure to state a claim may be brought as a motion for judgment on the pleadings. Fed. R. Civ. P. 12(h)(2). "[A] motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial." Fed. R. Civ. P. 12(i). Where the Rule 12(c) motion does not involve any disputed factual issue, there is no reason to defer decision until trial. *See Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988) ("Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings."). In deciding a Rule 12(c) motion, the court should employ "the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6)." *Johnson v. Rowley*, 569 F.3d 40, 43–44 (2d Cir. 2009) (internal quotation marks and citations omitted). To survive a Rule 12(c) motion, Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citations omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

## II.   NCUA'S ILLINOIS BLUE SKY CLAIM HAS A RELIANCE ELEMENT.

To state a claim under Illinois Securities Law Section 12(G), 815 ILCS § 5/12(G), NCUA must allege that RBS made a material misstatement or omission in connection with the purchase or sale of a security, and that Members United *relied on* the alleged misrepresentation in deciding to purchase the security. Illinois Appellate Court decisions are uniform on this point. *Tirapelli v. Advanced Equities, Inc.*, 813 N.E.2d 1138, 1143 (Ill. App. Ct. 2004) ("[R]easonable reliance is an element of sections 12(F), 12(G), and 12(I) of the Illinois Securities Law."); *Lucas v. Downtown Greenville Investors Ltd. P'Ship*, 671 N.E.2d 389, 398 (Ill. App. Ct. 1996) (finding that a plaintiff asserting a claim under Section 12(G) must allege that "the alleged misconduct induced the plaintiff to purchase the security in the first place"); *Foster v. Alex*, 572 N.E.2d 1242, 1245 (Ill. App. Ct. 1991) ("Section 12(G) of the Illinois Securities Act provides a cause of action similar to negligent misrepresentation . . . Reliance is clearly required in a claim of negligent misrepresentation."); *see also Mowbray v. Waste Mgmt. Holdings, Inc.*, 90 F. Supp. 2d 135, 137 (D. Mass. 2000) ("A claim under the Illinois Securities law requires reliance."); *Elipas v. Jedynak*, 2010 WL 1286795, at *6 (N.D. Ill. Mar. 26, 2010) (noting that a plaintiff asserting a claim under Section 12(G) must show reliance).

Where an "intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237–38 (1940). This rule applies with even more force where, as here, all reported decisions from Illinois's intermediate appellate courts hold that a plaintiff bringing a Section 12(G) claim must plead and prove reliance. *Taco Bell Corp. v. Cont'l Cas. Co.*, 388 F.3d 1069, 1077 (7th Cir.

-4-

2004) (overruling an earlier Seventh Circuit case as "no longer authoritative" in light of the "unanimity" of the intermediate appellate courts in Illinois).

### III.     NCUA DOES NOT EVEN ATTEMPT TO PLEAD RELIANCE.

NCUA fails to allege that any Members United representative reviewed any of the offering documents containing the alleged misrepresentations. NCUA alleges only that RBS made written representations, not that Members United *actually read* those representations before making its investment decisions—much less that Members United *actually relied* on those representations in making its investment decisions. For example, NCUA alleges that the "Offering Documents included material untrue statements or omitted facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading." FAC ¶ 268. NCUA goes on to provide examples of allegedly false and misleading statements contained in the offering documents for the securities at issue. FAC ¶¶ 268, 273-337, App'x. But nowhere does NCUA allege that anyone at Members United read or relied on these allegedly false and misleading statements in making the decision to purchase the securities. This is fatal to NCUA's Illinois Securities Law claims. *See Gandhi Revocable Trust v. Sitara Capital Mgmt., LLC*, 2011 WL 814647, at *2–3 (N.D. Ill. Feb. 25, 2011).

*Gandhi* is instructive. There, the plaintiffs sued under Illinois Securities Law Section 12(G). *Id.* The court dismissed the initial complaint for lack of reliance, and instructed the plaintiffs to amend their complaint to "include, specifically as to each defendant and each plaintiff, 'detailed allegations regarding relevant representations, *acts in reliance on those representations*, and damages suffered as a result." *Id.* at *3 (emphasis added). The court then dismissed plaintiffs' amended complaint because it "d[id] not state that the plaintiffs *relied on or 'were induced'* by any of the [alleged] misrepresentations; the cited paragraphs state only that the defendants' misrepresentations were made 'to induce' plaintiffs' investments." *Id.* (emphasis

added).[2]  Similarly dispositive here, NCUA does not allege that Members United actually read or relied on any of the alleged misrepresentations.[3]

## CONCLUSION

NCUA fails to allege, as required under the Illinois Securities Law, that Members United read or relied on any of the alleged misrepresentations.  Accordingly, NCUA's claims under the Illinois Securities Law should be dismissed with prejudice.


Dated:  Los Angeles, California  
        February 20, 2015

Respectfully submitted,  
KIRKLAND & ELLIS LLP

By: /s/ R. Alexander Pilmer  
R. Alexander Pilmer  
David I. Horowitz  
Jay L. Bhimani  
Kristin E. Rose  
Gavin C.P. Campbell

333 South Hope Street  
Los Angeles, California 90071  
Telephone:  (213) 680-8400  
Facsimile:  (213) 680-8500

*Counsel for Defendants RBS Securities Inc. and RBS Acceptance Inc.*

---

[2]  *Gandhi* cited Rule 9(b) when analyzing the sufficiency of plaintiff's allegations.  *Gandhi*, 2011 WL 814647, at *2–3.  Regardless of whether Rule 9(b) or Rule 8(a) governs here, *Gandhi* is equally applicable.  The problem is not that NCUA fails to plead reliance *with particularity*; it is that NCUA fails to plead reliance at all.

[3]  Because NCUA does not plead *actual* reliance, there is no need for the Court to reach questions of justifiable reliance.  *See Gandhi*, 2011 WL 814647, at *2–3.