| | |
|---|---|
| **KOREIN TILLERY** | **Stephen M. Tillery** |
| *Attorneys at Law* | STillery@KoreinTillery.com |
| One U.S. Bank Plaza | p: (314) 241-4844 |
| 505 North 7th Street, Suite 3600 | f: (314) 241-3525 |
| St. Louis, MO  63101-1625 | |
| www.KoreinTillery.com | |

March 26, 2015

**Via ECF (S.D.N.Y. and C.D. Cal.) and Email (D. Kan.)**

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

The Honorable George H. Wu
United States District Court for the Central District of California
312 North Spring Street
Los Angeles, CA 90012-4701

Re:   *NCUA v. RBS Securities, Inc.*, No. 13-6726 (S.D.N.Y.)
      *NCUA v. RBS Securities, Inc.,* No. 11-5887 (C.D. Cal.)
      *NCUA v. RBS Securities, Inc.*, No. 11-2649 (D. Kan.)
      *NCUA v. Morgan Stanley & Co.,* No. 13-6705 (S.D.N.Y.) (Lead Case)

Dear Judges Cote, Lungstrum, Wu, and O'Hara:

NCUA, as liquidating agent, respectfully requests that the Courts deny RBS's motion to compel NCUA (1) to add eight new custodians for one credit union (U.S. Central) four months before the close of fact discovery; and (2) to produce loan files that are not in NCUA's possession, custody, or control. *See* ECF No. 272 ("RBS Ltr.").[1]

**1.** NCUA's actions against RBS, filed on behalf of four failed corporate credit unions, encompass 37 unique securitizations backed by more than 200,000 loans. Forty-nine of these loans (less than 0.025% of the total) were originated by non-party Navy Federal Credit Union and back a single securitization: HVMLT 2007-4. After origination, Navy Federal sold these 49 loans to Charlie Mac, a subsidiary of U.S. Central. U.S. Central then sold these 49 Navy Federal loans to RBS's sponsor affiliate with essentially the same representations and warranties as it received from Navy Federal when it purchased the loans. *See* RBS Ex. 2; RBS Ex. 4 (comparing the Navy Federal and U.S. Central representations and warranties). After performing due diligence on these 49 Navy Federal loans, RBS securitized them into HVMLT 2007-4. In March 2007, RBS sold a certificate partially backed by these loans to WesCorp.

Five months after substantial completion of document discovery and only four months before the close of fact discovery, RBS now asks that NCUA be compelled to add *eight* new U.S. Central custodians to provide more information about this small number of Navy Federal loans. RBS's request is untimely under the Courts' November 2014 order, which provides that requests "for further targeted production" can be made only if a party "explains why the request is timely and could not have been made earlier." ECF No. 224 at 4. RBS cannot do so here.

Nearly a year ago, the parties attempted "to agree on a list of custodians." ECF No. 101, ¶ 8(c); ECF No. 115. RBS requested that NCUA add "Charlie Mac custodians . . . associated with U.S. Central's loan-purchasing operations." Ex. 1 at 5 (4.11.2014 Rose Ltr. to Spicer). Despite the minimal (at best) relevance of Charlie Mac,[2] NCUA agreed to designate three custodians with responsibilities related to Charlie Mac along with five other U.S. Central custodians. RBS Ex. 7, ECF No. 272-11 at 3 (4.17.2014 Spicer Ltr. to Rose). In April 2014, RBS and other Defendants complained that "NCUA has failed to designate custodians from U.S. Central's wholly owned subsidiary, Charlie Mac LLC, which acquired loans (including loans that underlie at least one of the offerings at issue in these actions)." *See* ECF No. 109 at 3. But RBS ultimately chose not to seek its requested relief either in April 2014, or after NCUA substantially completed its document production in October 2014.

RBS's current motion is based almost entirely on information that was in RBS's possession in April 2014. RBS knew all along about the U.S. Central representations and warranties on which it now relies; its own prospectus supplement for HVMLT 2007-4 prominently discloses them. *See*, *e.g.*, Ex. 2 at S-7, S-26, S-55-57. Topics covered by those representations have always been part of this litigation, because—as RBS admits in a footnote—they include representations about "originators'

---

[1] Unless otherwise noted, ECF citations refer to *NCUA v. Morgan Stanley & Co.*, No. 13-6705 (S.D.N.Y.).

[2] As NCUA previously explained in April 2014, and as RBS tacitly conceded, U.S. Central's knowledge about the 49 Navy Federal loans is legally irrelevant because "WesCorp, rather than U.S. Central, is the purchaser of the HVMLT 2007-4 securitization that contains the loans at issue, and U.S. Central's knowledge cannot be imputed to WesCorp." RBS Ex. 7, ECF No. 272-11 at 3.

underwriting guidelines," which always were and still remain at the core of NCUA's complaints.[3] Further, the documents on which RBS relies (at 2) to argue that the eight requested custodians had knowledge of U.S. Central's representations were, with only one exception, documents with RBS's own Bates stamps—meaning they were in RBS's possession before discovery began. Having elected to delay for so long, RBS should not be permitted to demand eight new custodians near the end of fact discovery.

    **2.**    In addition to being untimely, the burden associated with RBS's request substantially outweighs whatever possible relevance the custodians' documents might have to these coordinated actions. Notably, when NCUA requested that Defendants search for and produce documents relating to originators of 5% or more of the loans in any given security, Defendants opposed that request as too burdensome and suggested that 10% should be the threshold. *See* ECF No. 134 at 4. By that same reasoning, searching an additional eight custodians of an intermediary (Charlie Mac) that briefly owned just 2.2% of the loans (49/2,210) backing HVMLT 2007-4 would likewise be too burdensome. NCUA's production for the eight existing U.S. Central custodians exceeded 600,000 documents. Searching and producing documents from eight *more* custodians would impose substantial additional expense and consume significant resources.[4]

    NCUA has already designated as custodians, and made productions from, three individuals with responsibilities related to Charlie Mac (Connie Loveless, Brad Thomas, and David Dickens). Ms. Loveless in particular was the presiding managing director of Charlie Mac and the person who signed the loan purchase agreements and amendments containing U.S. Central's representations and warranties. *See* RBS Exs. 2 and 3. The Courts have previously denied NCUA's request for additional custodians when the head of the unit where those individuals worked was already a custodian; the same should happen here. *See* ECF No. 248 at 5. Further, judging by the exhibits RBS submitted in support of its letter—almost all of which came from RBS's own production—RBS already has access to communications between the proposed U.S. Central custodians and RBS concerning due diligence on the loans. *See*, *e.g.*, RBS Exs. 5, 11, 12, and 19.

    **3.**    RBS's request to compel NCUA to produce 14 Navy Federal loan files that it has searched for, but could not find, is groundless. NCUA searched for and produced 35 of 49 Navy Federal loan files.[5] NCUA told RBS on several occasions that it has made a reasonable search for the 49 Navy Federal loans backing HVMLT 2007-4, and the fact that NCUA found most of them reflects the reasonableness of its efforts.[6] RBS's vague request (at 2) that NCUA be "ordered to explain the precise contours of its search in more detail" does not make clear why NCUA's previous description of its efforts is insufficient. *See* RBS Ex. 9, ECF No. 272-13.

---

[3] RBS's statement (at 2) that NCUA "placed these representations . . . at issue in its recently-filed Second Amended Complaint" is thus misleading insofar as it suggests that originator representations and warranties are any more at issue now than they were under the earlier complaints.

[4] NCUA would be required to load and process their electronic and paper files; run search terms; and conduct hundreds (if not thousands) of hours of manual relevance and privilege review. For example, RBS has requested that U.S. Central's General Counsel Francois Henriquez and legal assistant Ross Deer be designated as custodians, which would require extensive privilege review.

[5] By comparison, RBS has represented that it could not locate *any* of the 200,000-plus loan files RBS securitized into the RMBS at issue in this litigation. *See* RBS Ltr. at 2 n.4 (conceding that all of the loan files in RBS's possession have been produced to it in litigation).

[6] Contrary to RBS's assertion, U.S. Central did not service the loans; Navy Federal did. *See* Ex. 3, Klenov Decl. at ¶ 3.

/s/ Stephen M. Tillery

| | |
|---|---|
| David C. Frederick | David H. Wollmuth |
| Wan J. Kim | Frederick R. Kessler |
| Gregory G. Rapawy | Steven S. Fitzgerald |
| Andrew C. Shen | Ryan A. Kane |
| KELLOGG, HUBER, HANSEN, TODD, | WOLLMUTH MAHER & DEUTSCH LLP |
|  EVANS & FIGEL, P.L.L.C. | 500 Fifth Avenue, 12th Floor |
| Sumner Square | New York, NY 10110 |
| 1615 M Street, N.W., Suite 400 | Tel: (212) 382-3300 |
| Washington, D.C. 20036 | Fax: (212) 382-0050 |
| Tel: (202) 326-7900 | dwollmuth@wmd-law.com |
| Fax: (202) 326-7999 | fkessler@wmd-law.com |
| dfrederick@khhte.com | sfitzgerald@wmd-law.com |
| wkim@khhte.com | rkane@wmd-law.com |
| grapawy@khhte.com | |
| ashen@khhte.com | Norman E. Siegel (D. Kan. # 70354) |
| | Rachel E. Schwartz (Kan. # 21782) |
| George A. Zelcs | STUEVE SIEGEL HANSON LLP |
| KOREIN TILLERY LLC | 460 Nichols Road, Suite 200 |
| 205 North Michigan Avenue, Suite 1950 | Kansas City, MO 64112 |
| Chicago, IL 60601 | Tel: (816) 714-7100 |
| Tel: (312) 641-9750 | Fax: (816) 714-7101 |
| Fax: (312) 641-9751 | siegel@stuevesiegel.com |
| gzelcs@koreintillery.com | schwartz@stuevesiegel.com |

Stephen M. Tillery
Greg G. Gutzler
Robert L. King
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Tel: (314) 241-4844
Fax: (314) 241-3525
stillery@koreintillery.com
ggutzler@koreintillery.com
rking@koreintillery.com

*Attorneys for Plaintiff National Credit Union Administration Board*