# EXHIBIT 4

Case 1:13-cv-06726-DLC   Document 222-4   Filed 05/19/15   Page 1 of 7

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES WHITTEMORE<br><br>v.<br><br>NATIONAL CREDIT UNION ADMINISTRATION BOARD. | No. 1:15-cv-04152<br><br>Honorable Ronald A. Guzman<br><br>Magistrate Judge Michael T. Mason |

### NCUA'S EMERGENCY MOTION TO TRANSFER SUBPOENA-RELATED DISPUTE TO THE ISSUING COURT

The National Credit Union Administration Board, as liquidating agent for U.S. Central, Western Corporate, Southwest Corporate, and Members United Corporate Federal Credit Unions ("NCUA"), respectfully requests under Rule 45(f) that the Court transfer this subpoena-related discovery dispute to the Southern District of New York.

1.      NCUA is currently a plaintiff in a number of securities cases (the "Actions") on behalf of failed corporate credit unions seeking to recover billions of dollars in damages from the issuers and underwriters of residential mortgage-backed securities ("RMBS"). The Actions are pending before Judge Wu in the Central District of California, Judges Lungstrum and O'Hara in the District of Kansas, and Judge Cote in the Southern District of New York.

2.      In April 2014—recognizing that "the Actions share common issues and overlapping parties and will involve common discovery, and that pretrial proceedings in all Actions should be coordinated to avoid unnecessary conflicts and expense, conserve judicial resources, and secure the just, speedy, and inexpensive disposition of all Actions"—the presiding Judges adopted a Master Discovery Protocol ("MDP"). ECF No. 7-1 at 4. "To avoid unnecessary conflicts and

1

inconsistencies in the rulings in the Actions, Judge Cote [was] designated as the 'Coordination Judge' for all Actions." *Id.* at § 2.

3. To effectuate its purpose of promoting efficiency and consistency in discovery rulings, the MDP requires that "[a]ll discovery applications and disputes shall be brought to the Coordination Judge in the form of a two-page letter, with copies simultaneously provided to the other three Judges." *Id.* "Following consultation with Judges Lungstrum and/or O'Hara, and Judge Wu, the Coordination Judge will endeavor to respond promptly." *Id.* "The discovery parameters and limitations set forth in the ruling by the Coordination Judge on the application or dispute will be given effect in all Actions, unless the ruling indicates otherwise." *Id.* For over a year, all discovery disputes in the Actions have been resolved in accordance with this procedure, typically within days of being submitted.

4. Due to the volume of litigation arising from the collapse of the RMBS market in 2008, many current and former employees of the investment banks that sold RMBS have been deposed multiple times in multiple actions. Under MDP § 10(d), all parties to the Actions were ordered to "produce the transcripts of testimony and affidavits/affirmations, including all exhibits, from any and all RMBS matters, including all civil, criminal, or regulatory matters, in which it or one of its officers or employees was a party." *Id.* at § 10(d). Because the MDP treats that testimony "as if taken in [NCUA's] Actions," the order was accompanied by the instruction that "parties shall endeavor to not subject witnesses to the same questioning for which a transcript was previously provided." *Id.*

5. NCUA and the various defendants in the Actions are currently engaged in an intensive period of coordinated deposition practice, with multiple offensive and defensive depositions taking place in any given week. All depositions must be completed within the next two months—by July 17. *Id.* at § 12(a). NCUA has issued dozens of deposition notices and subpoenas to

2

current and former employees of the defendants. No defendant has refused to produce a witness for deposition based on MDP § 10(d), even though many of these witnesses have been previously deposed in other actions.[1]

6. But a dispute did recently arise about the propriety of certain objections and instructions not to answer based on MDP § 10(d). After Goldman Sachs instructed a witness not to answer allegedly repetitive questions, NCUA submitted a discovery dispute to the Coordination Judge under MDP § 2. Within 24 hours of receiving Goldman Sachs's response, the courts presiding over the Actions issued a coordinated discovery ruling holding that the "endeavor" language in § 10(d) is not "a limitation ordered by the court," and it thus cannot be used to instruct a witness not to answer NCUA's deposition questions. Ex. 1 at 3-4. Goldman Sachs will now have to re-produce the witness that NCUA was deposing when Goldman Sachs asserted its erroneous interpretation of MDP § 10(d). *See id.*

7. The discovery dispute pending before this Court likewise involves the interpretation of MDP § 10(d). James Whittemore, who has asked this Court to quash or limit NCUA's deposition subpoena, was one of the senior employees of defendant RBS Securities, Inc. responsible for ensuring the quality of the loans backing the RMBS that RBS packaged and sold to investors. *See* ECF No. 1 at 2. Advancing the same erroneous interpretation of MDP § 10(d) that the Judges presiding over NCUA's coordinated Actions have already rejected, Whittemore argues (*id.* at ¶ 5) that "NCUA has no need for further testimony" in light of his prior depositions in unrelated cases, or, in the alternative (*id.* at ¶ 8), that the Court should prohibit NCUA from asking questions about topics covered in these prior depositions.

---

[1] Indeed, the MDP specifically acknowledges that certain officers and employees will be required to testify in the Actions despite previously providing testimony; hence the "endeavor" language.

3

8. Upon being served with Whittemore's motion, NCUA immediately forwarded the coordinated discovery ruling concerning Goldman Sachs's misuse of MDP § 10(d), and asked Whittemore's counsel to either (1) dismiss the pending motion to quash as moot in light of that ruling; or (2) consent to transfer this discovery dispute under Rule 45(f) to the Southern District of New York, which is not only the court that issued the disputed deposition subpoena, but also the home of the Coordination Judge under the MDP. *See* Ex. 2. Whittemore's counsel, who likewise is based in New York, declined both requests. *See id.*

9. Rule 45(f) permits this Court to transfer a subpoena-related motion to the issuing court if it "finds exceptional circumstances." As the Advisory Committee notes on Rule 45(f) explain, "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Such exceptional circumstances exist here.

10. The Coordination Judge in the Southern District of New York is responsible, after consulting with the other Judges who jointly preside over NCUA's coordinated Actions, for managing discovery disputes in a dozen cases spanning three separate districts to ensure that there are no inconsistent rulings. Those Judges have already resolved a discovery dispute concerning the proper interpretation and impact of MDP § 10(d). By asking this Court to adopt a conflicting (and erroneous) interpretation of MDP § 10(d), Whittemore seeks to directly undermine the MDP's goal of efficiency, consistency, and conservation of judicial resources. If the dozens of former bank employees who NCUA seeks to depose file similar motions in their home districts, NCUA's coordinated Actions will grind to a halt. A transfer to the Southern District of New York under Rule 45(f) is essential to obtaining a uniform interpretation of MDP § 10(d) that will prevent such unnecessary and inefficient disruptions.

4

11. District courts, including this one, have ordered transfers under Rule 45(f) in similar circumstances. *See, e.g., Cont'l Auto. Says., U.S., Inc. v. Omron Auto. Elec., Inc.,* 14 C 3731, 2014 WL 2808984, at *2 (N.D. Ill. June 20, 2014) (ordering transfer due to risk of inconsistent rulings that might disrupt management of the underlying litigation); *Wultz v. Bank of China, Ltd.,* MC 13–1282(RBW), 2014 WL 2257296 (D.D.C. May 30, 2014) ("Due to the highly complex and intricate nature of the underlying litigation, Judge Scheindlin is in a better position to rule on the intervenors' motion to quash or modify the subpoena due to her familiarity with the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation."); *Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.,* 301 F.R.D. 426, 429-30 (N.D. Cal. 2014) (transferring motion because issuing court had already ruled on the disputed issue); *Valle del Sol, Inc. v. Kobach,* No. 14–mc–219–JAR, 2014 WL 3818490, at *3-4 (D. Kan. Aug. 4, 2014) (same). Whittemore's New York-based counsel cannot credibly argue that presenting this discovery dispute to the Coordination Judge in his home forum would be inconvenient or burdensome.

12. NCUA brings this motion on an emergency basis because the prompt resolution of this discovery dispute is essential to meeting existing discovery deadlines in NCUA's Actions. NCUA first requested Whittemore's deposition in March 2015 and still has yet to obtain a date for it. All depositions must be completed by July 17, and NCUA will take and defend scores of depositions across the Actions in the next two months. With every day that a resolution is delayed, scheduling an eventual deposition on a day that is open and convenient for the witness, his counsel, and NCUA's counsel becomes increasingly difficult. Moreover, if this dispute is not promptly resolved, other witnesses may be encouraged to file similar motions advancing equally erroneous interpretations of MDP § 10(d).

13. For the foregoing reasons, NCUA respectfully requests that this Court (1) vacate the briefing schedule entered on May 15, 2015; and (2) enter an order transferring Whittemore's motion to Judge Cote in the Southern District of New York.

Date: May 19, 2015

Respectfully submitted,

/s/ *Christopher J. Stuart*
George A. Zelcs
John Libra
Christopher J. Stuart
KOREIN TILLERY LLC
205 North Michigan Avenue, Ste. 1950
Chicago, IL 60601
Phone: (312) 641-9760
Fax: (312) 641-9751
gzelcs@koreintillery.com
jlibra@koreintillery.com
cstuart@koreintillery.com

Steven M. Tillery
Michael E. Klenov
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101-1625
Phone: (314) 241-4844
Fax: (314) 241-3525
stillery@koreintillery.com
mklenov@koreintillery.com

*Attorneys for the National Credit Union Administration Board*