KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

June 8, 2015


*Via ECF (S.D.N.Y. and C.D. Cal.) and Email (D. Kan.)*

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

The Honorable George H. Wu
United States District Court for the Central District of California
312 North Spring Street
Los Angeles, CA 90012-4701

Re:   *NCUA v. RBS Securities, Inc.*, No. 13-6726 (S.D.N.Y.)
      *NCUA v. RBS Securities, Inc.,* No. 11-5887 (C.D. Cal.)
      *NCUA v. RBS Securities, Inc.*, No. 11-2649 (D. Kan.)
      *NCUA v. Morgan Stanley & Co.,* No. 13-6705 (S.D.N.Y.) (Lead Case)

Judges Cote, Lungstrum, O'Hara, and Wu
June 8, 2015
Page 2

Dear Judges Cote, Lungstrum, O'Hara, and Wu:

      We write on behalf of NCUA, as liquidating agent, regarding the June 4, 2015 letter from RBS, ECF No. 308,[1] seeking on behalf of Defendants to compel the production of all deposition transcripts from the *Corporate America* case.  Just weeks before the close of fact discovery, and contrary to their previous arguments to the Courts, Defendants seek to expand greatly the definition of an "RMBS matter" under § 10(d).  Because *Corporate America* is not within the scope of § 10(d) and is not relevant to these coordinated actions, the Courts should deny Defendants' request.[2]

      **1.**      The *Corporate America* case was filed in 2009.  It involved claims by Corporate America Credit Union against various former officers and directors of U.S. Central and U.S. Central's accounting firm.  Corporate America alleged that in December 2008, the former officers and directors committed fraud in connection with the sale of certain securities – "Paid-In Capital shares," ECF No. 308-1, ¶ 2 – to Corporate America, because those defendants misstated U.S. Central's financial condition and Corporate America relied on the misstatements in purchasing shares.  Neither U.S. Central nor NCUA was a party in *Corporate America*.  The purported relevance of RMBS to that case was that U.S. Central's financial condition had been falsely overstated because it had not taken or disclosed write-downs on its RMBS investments.  *E.g.*, *id.* ¶ 78 (alleging that if Corporate America "[h]ad . . . been aware of, and had Defendants disclosed, U.S. Central's true financial condition and the risks of its 50% or greater exposure to private label subprime MBS/ABS," Corporate America would not have purchased Paid-In Capital shares).

      The *Corporate America* case is not an "RMBS matter" as that term is used in § 10(d).  The MDP does not define the term "RMBS matter," but prior to its adoption the Courts and the parties used the phrase "materially similar RMBS case" or "action," 04/02/2014 Tr. 27, 41, which Defendants argued meant "for NCUA and/or the Credit Unions, any civil litigation in which they have brought claims . . . against sellers of RMBS for losses arising out of RMBS purchases."  ECF No. 91 at 4 n.3.  Further, the purpose of § 10(d) was to reduce the number of depositions a party would need to defend where that party had already participated in comparable discovery.  *See* 04/02/2014 Tr. 41.  The term "materially" and the purpose of avoiding duplicative discovery together suggest that an "RMBS matter" is one where the issues are sufficiently similar that one would expect substantial overlap in witness testimony.  Defendants have not shown (and cannot show) such similarity between *Corporate America* and these strict liability securities actions.

      The interpretation of "RMBS matter" that Defendants advance for the first time in their motion is not only incorrect, but also inconsistent with their past positions.  Last year, for example, all parties agreed that § 10(d) did not encompass the *Siravo* litigation, a lawsuit brought by NCUA in 2011 alleging that individuals at WesCorp had breached their fiduciary duty by investing heavily in RMBS securities.  Exh. A at 1 (Stipulation); Exh. B (6/12/14 Email from A. Shen).[3]  Defendants

---

      [1] All ECF references are from *NCUA v. Morgan Stanley*, 1:13-cv-06705, the lead SDNY action.
      [2] Defendants begin their letter by claiming (at 2) that their "motion relates only to the Kansas and California actions," and not to the seven SDNY actions.  That is not so.  "Documents produced in any Action will be treated as though produced in all Actions," MDP § 6(a), and the issue of what § 10(d) encompasses (and what transcripts from other cases are relevant to the strict liability claims here) cuts across all actions.  *See also* MDP § 2.
      [3] In order to include discovery of such arguably relevant materials, NCUA proposed that the parties ask the Courts to expand the definition of "RMBS matter" to include "matters in which individuals discuss [RMBS] generally

Judges Cote, Lungstrum, O'Hara, and Wu
June 8, 2015
Page 3

withheld transcripts from other cases based on that interpretation, such as cases involving securities claims arising from collateralized debt obligations ("CDOs") where some of the same RMBS involved in these actions were part of the collateral. *E.g.*, ECF No. 267 (Defendant Goldman Sachs arguing that § 10(d) "does not require production of transcripts from CDO litigations"). The *Corporate America* case – which merely involves factual allegations related to write-downs of RMBS in connection with entirely different claims about the sale of non-RMBS securities – is far less related to these strict-liability securities actions than are the *Siravo* or CDO cases. Defendants make no attempt to explain, much less justify, their sudden change in position.

Transcripts from *Corporate America* also do not fall within any document request. Defendants cite (at 2) 29 separate requests, but fail to show that any of them can be fairly read to seek this information[4] – especially because Defendants did make a specific request for deposition transcripts from certain cases, but not from *Corporate America*. *See* ECF No. 196-2 at 32 (Request No. 84 for documents "concerning the lawsuit entitled *[NCUA] v. Siravo*").[5] In addition, Defendants have failed to show that the *Corporate America* transcripts would be relevant or discoverable in view of the lack of factual overlap between that case and these coordinated actions.

**2.**     Defendants also do not explain why they seek transcripts from a six-year-old case for the first time just weeks before the end of fact discovery, and seven months after NCUA's substantial completion of document production. In denying a previous motion to compel by Defendants, the Courts ordered that "any party may make a request for further targeted productions of documents if . . . it explains why the request is timely and could not have been made earlier." ECF No. 224 at 4; *see also* ECF No. 278 at 4-5 (denying an RBS request as untimely). Defendants' failure to comply is an independent reason to deny relief. Nor can Defendants show cause for delay. NCUA produced the documents attached to their motion seven months ago, in October 2014. Defendants' delay is especially unreasonable in light of the conflict between their current and previous positions. Having argued throughout the fact discovery period that their own transcript production obligations are narrow and limited, *see, e.g.*, Exh. A at 1-2 (contending that "Defendants should not be required to produce transcripts of testimony and exhibits taken in actions other than from RMBS matters as specified in [§] 10(d)"), Defendants should not be permitted to hold NCUA to a broader, open-ended standard near the end of that period.

At minimum, a demand for *every* transcript from *Corporate America* is overbroad. More than a year ago, the parties agreed on a group of custodians from U.S. Central with discoverable information. On March 15, 2015, the Courts limited discovery of deposition transcripts from one of the CDO cases to custodians in these actions. *See* ECF No. 268 at 3 (ordering disclosure of "the identity of any deponent[] in that CDO lawsuit *who is also a custodian* in these coordinated actions") (emphasis added). Defendants have not shown that a different rule should apply here.[6]

---

regardless of the claims being litigated or investigated." Exh. B; ECF No. 196 at 2-3. Defendants declined to do so. *See also* ECF No. 258 at 3 & n.2 (explaining history).

[4] The only example Defendants quote (at 2) requests documents concerning alleged "'fraud . . . in connection with RMBS.'" Corporate America alleged fraud in connection with Paid-In Capital shares; the RMBS were incidental.

[5] Defendants' Exhibit C is a copy of those requests truncated just before the request for the *Siravo* materials.

[6] Because NCUA was not a party in *Corporate America*, it is not aware of every person deposed in that case. In a preliminary search of documents within its possession, custody, or control, NCUA has found only a handful of transcripts from *Corporate America*, none of which contain testimony from custodians in these coordinated actions.

Judges Cote, Lungstrum, O'Hara, and Wu
June 8, 2015
Page 4

/s/ David C. Frederick

| | |
|---|---|
| David C. Frederick | David H. Wollmuth |
| Wan J. Kim | Frederick R. Kessler |
| Gregory G. Rapawy | Steven S. Fitzgerald |
| Andrew C. Shen | Ryan A. Kane |
| KELLOGG, HUBER, HANSEN, TODD, | WOLLMUTH MAHER & DEUTSCH LLP |
|   EVANS & FIGEL, P.L.L.C. | 500 Fifth Avenue, 12th Floor |
| Sumner Square | New York, NY 10110 |
| 1615 M Street, N.W., Suite 400 | Tel: (212) 382-3300 |
| Washington, D.C. 20036 | Fax: (212) 382-0050 |
| Tel: (202) 326-7900 | dwollmuth@wmd-law.com |
| Fax: (202) 326-7999 | fkessler@wmd-law.com |
| dfrederick@khhte.com | sfitzgerald@wmd-law.com |
| wkim@khhte.com | rkane@wmd-law.com |
| grapawy@khhte.com | |
| ashen@khhte.com | Norman E. Siegel (D. Kan. # 70354) |
| | Rachel E. Schwartz (Kan. # 21782) |
| George A. Zelcs | STUEVE SIEGEL HANSON LLP |
| KOREIN TILLERY LLC | 460 Nichols Road, Suite 200 |
| 205 North Michigan Avenue, Suite 1950 | Kansas City, MO 64112 |
| Chicago, IL 60601 | Tel: (816) 714-7100 |
| Tel: (312) 641-9750 | Fax: (816) 714-7101 |
| Fax: (312) 641-9751 | siegel@stuevesiegel.com |
| gzelcs@koreintillery.com | **schwartz@stuevesiegel.com** |
| | |
| Stephen M. Tillery | Marc M. Seltzer (54534) |
| Greg G. Gutzler | Bryan Caforio (261265) |
| Robert L. King | SUSMAN GODFREY L.L.P. |
| KOREIN TILLERY LLC | 1901 Avenue of the Stars, Suite 950 |
| 505 North Seventh Street, Suite 3600 | Los Angeles, California 90067-6029 |
| St. Louis, MO 63101 | Telephone: (310) 789-3100 |
| Tel: (314) 241-4844 | Fax: (310) 789-3150 |
| Fax: (314) 241-3525 | mseltzer@susmangodfrey.com |
| stillery@koreintillery.com | |
| ggutzler@koreintillery.com | |
| rking@koreintillery.com | |

*Attorneys for Plaintiff National Credit Union Administration Board*