IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of Southwest Corporate Federal Credit Union, and Members United Corporate Federal Credit Union, <br><br> Plaintiff, <br><br> v. <br><br> RBS SECURITIES, INC., f/k/a GREENWICH CAPITAL MARKETS, INC., RBS ACCEPTANCE, INC. <br><br> Defendants. | )<br>)<br>)<br>)<br>) Case No. 13-cv-6726 (DLC)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

NICAL

9|15|2015

## NOTICE

Pursuant to Federal Rule of Civil Procedure 68(a), plaintiff National Credit Union

Administration Board, as liquidating agent for Members United and Southwest Corporate

Federal Credit Unions ("NCUA"), hereby files the Offer of Judgment served by defendants RBS

Securities, Inc. and RBS Acceptance, Inc. ("Defendants") on September 2, 2015 ("Offer";

attached hereto as Exhibit A), and the written notice accepting the Offer, along with proof of

service (attached hereto as Exhibit B). NCUA accordingly requests, pursuant to Rule 68 and the

terms specified in the Offer, that the Clerk of Court enter judgment against Defendants in the

amount of $129,600,000 (one hundred twenty nine million and six hundred thousand dollars).

As specified in paragraph 1 of the Offer, NCUA and Defendants will attempt to reach an

agreement regarding the amount of costs and attorneys' fees to be paid by Defendants.

So ordered.

*[signature]*
Sept. 15, 2015

Respectfully submitted,

/s/  David C. Frederick

David C. Frederick
Wan J. Kim
Gregory G. Rapawy
Andrew C. Shen
KELLOGG, HUBER, HANSEN, TODD,
  EVANS & FIGEL, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel:  (202) 326-7900
dfrederick@khhte.com
wkim@khhte.com
grapawy@khhte.com
ashen@khhte.com

George A. Zelcs
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel:  (312) 641-9750
gzelcs@koreintillery.com

Stephen M. Tillery
Michael E. Klenov
Steven M. Berezney
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Tel:  (314) 241-4844
stillery@koreintillery.com
mklenov@koreintillery.com
sberezney@koreintillery.com

David H. Wollmuth
Frederick R. Kessler
Steven S. Fitzgerald
Ryan A. Kane
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue, 12th Floor
New York, NY 10110
Tel:  (212) 382-3300
dwollmuth@wmd-law.com
fkessler@wmd-law.com
sfitzgerald@wmd-law.com
rkane@wmd-law.com

*Attorneys for Plaintiff*

2

## CERTIFICATE OF SERVICE

I hereby certify that, on September 15, 2015, I caused to be electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/  David C. Frederick

*Attorney for Plaintiff*

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATIONAL CREDIT UNION
ADMINISTRATION BOARD,
as Liquidating Agent of Southwest Corporate
Federal Credit Union and Members
United Corporate Federal Credit Union,

No. 13-cv-6726 (DLC)

Plaintiff,

v.

RBS SECURITIES INC., f/k/a
GREENWICH CAPITAL MARKETS,
INC., and RBS ACCEPTANCE INC.,
f/k/a GREENWICH CAPITAL
ACCEPTANCE INC.,

Defendants.

## DEFENDANTS RBS SECURITIES INC. AND RBS ACCEPTANCE INC.'S OFFER OF JUDGMENT

Pursuant to Federal Rule of Civil Procedure 68, Defendants RBS Securities Inc. (f/k/a

Greenwich Capital Markets, Inc.) and RBS Acceptance Inc. (f/k/a Greenwich Capital

Acceptance, Inc.) (collectively, "Defendants") hereby offer to allow judgment to be taken against

them in favor of Plaintiff National Credit Union Administration Board as liquidating agent for

Southwest Corporate Federal Credit Union and Members United Corporate Federal Credit Union

("Plaintiff") in the action captioned *NCUA Bd. v. RBS Securities Inc., et al.*, No. 13-cv-6726-

DLC (S.D.N.Y.) (the "Action") on the terms set forth below.  This offer of judgment is made for

purposes of Rule 68 only and shall not constitute or otherwise be construed as an admission of

liability in any respect.

1.      Plaintiff shall recover $129.6 million from Defendants.  In addition, Defendants shall pay any and all reasonable costs and attorneys' fees allowable under law in connection with Plaintiff's prosecution of the Action.  If Plaintiff and Defendants are unable to reach agreement on this amount, Defendants agree to have the amount of reasonable attorneys' fees and costs determined by the Court.

2.      Any judgment entered pursuant to this offer shall fully and completely terminate the Action with prejudice and shall have claim preclusive effects as between Plaintiff and Defendants.  For the avoidance of doubt, any judgment entered pursuant to this offer shall satisfy, settle, resolve, and eliminate any cause of action or claim by Plaintiff against, implicating, or involving Defendants arising out of the transactions, occurrences, and operative facts relating to the Action, whether or not such causes of action or claims are asserted, known, or suspected by Plaintiff, but any judgment entered pursuant to this offer shall have no claim or issue preclusive effect in, or otherwise settle or terminate, any other actions brought by Plaintiff against other defendants or brought by NCUA in its capacity as liquidating agent of other credit unions, including but not limited to, U.S. Central Federal Credit Union and Western Corporate Federal Credit Union.

3.      This offer of judgment and any judgment entered pursuant to it shall not constitute or otherwise be construed as an admission by Defendants of any allegations, assertions, or averments contained in any complaint, motion, letter, or other paper submitted or filed by Plaintiff.

4.      This offer of judgment and any judgment entered pursuant to it shall not constitute or otherwise be construed as an admission of liability in any respect, including but not limited to any Defendant's liability to the Plaintiff.

2

5.      This offer of judgment and any judgment entered pursuant to it shall not

constitute or otherwise be construed as an admission of the insufficiency of any defense,

affirmative or otherwise, Defendants have or could have asserted.

6.      This offer of judgment and any judgment entered pursuant to it shall not have any

collateral estoppel or issue preclusive effects in any other judicial, regulatory, administrative, or

other proceeding, including but not limited to the matters captioned *NCUA Bd. v. RBS Securities

Inc., et al.*, No. 11-cv-5887 (C.D. Cal.), *NCUA Bd. v. RBS Securities Inc., et al.*, No. 11-cv-2340

(D. Kan.), and *FHFA v. Royal Bank of Scotland PLC, et al.*, No. 11-cv-01383 (D. Conn.).

7.      In the event this offer is not accepted and judgment is not entered pursuant to its

terms, Defendants retain, reserve, and preserve any and all rights to contest liability and damages

in any further proceedings.

8.      Pursuant to Federal Rule of Civil Procedure 68, this offer of judgment is made at

least fourteen days before the date set for trial. This offer shall be deemed withdrawn unless

written notice of acceptance is received within fourteen days of service.

DATED:  September 2, 2015          KIRKLAND & ELLIS LLP

                                   */s/ R. Alexander Pilmer*
                                   R. Alexander Pilmer
                                   KIRKLAND & ELLIS LLP
                                   333 South Hope Street
                                   Los Angeles, CA 90071
                                   Telephone:  (213) 680-8400
                                   Facsimile:  (213) 680-8500

                                   *Attorneys for Defendants RBS Securities Inc. (f/k/a
                                   Greenwich Capital Markets, Inc.) and RBS
                                   Acceptance Inc. (f/k/a Greenwich Capital
                                   Acceptance, Inc.)*

3

# Exhibit B

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209

(202) 326-7900
FACSIMILE:
(202) 326-7999

September 15, 2015

*Via Electronic Mail*

R. Alexander Pilmer
Kirkland & Ellis LLP
333 S. Hope Street
Los Angeles, CA  90071

Re:   *NCUA v. RBS*, No. 13-cv-6726 (DLC) (S.D.N.Y.)

Dear Alex:

Pursuant to Federal Rule of Civil Procedure 68(a), plaintiff NCUA, as liquidating agent for Members United and Southwest Corporate Federal Credit Unions, provides notice that it accepts the Offer of Judgment served on September 2, 2015, by defendants RBS Securities Inc. and RBS Acceptance Inc. to allow entry of judgment against them in the above-captioned action ("Offer"). A copy of the Offer is attached hereto. NCUA will file the Offer and notice of acceptance of the Offer with the Court.

Sincerely,

David C. Frederick

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATIONAL CREDIT UNION
ADMINISTRATION BOARD,
as Liquidating Agent of Southwest Corporate
Federal Credit Union and Members
United Corporate Federal Credit Union,

Plaintiff,

v.

RBS SECURITIES INC., f/k/a
GREENWICH CAPITAL MARKETS,
INC., and RBS ACCEPTANCE INC.,
f/k/a GREENWICH CAPITAL
ACCEPTANCE INC.,

Defendants.

No. 13-cv-6726 (DLC)

## DEFENDANTS RBS SECURITIES INC. AND RBS ACCEPTANCE INC.'S OFFER OF JUDGMENT

Pursuant to Federal Rule of Civil Procedure 68, Defendants RBS Securities Inc. (f/k/a

Greenwich Capital Markets, Inc.) and RBS Acceptance Inc. (f/k/a Greenwich Capital

Acceptance, Inc.) (collectively, "Defendants") hereby offer to allow judgment to be taken against

them in favor of Plaintiff National Credit Union Administration Board as liquidating agent for

Southwest Corporate Federal Credit Union and Members United Corporate Federal Credit Union

("Plaintiff") in the action captioned *NCUA Bd. v. RBS Securities Inc., et al.*, No. 13-cv-6726-

DLC (S.D.N.Y.) (the "Action") on the terms set forth below. This offer of judgment is made for

purposes of Rule 68 only and shall not constitute or otherwise be construed as an admission of

liability in any respect.

1.      Plaintiff shall recover $129.6 million from Defendants.  In addition, Defendants shall pay any and all reasonable costs and attorneys' fees allowable under law in connection with Plaintiff's prosecution of the Action.  If Plaintiff and Defendants are unable to reach agreement on this amount, Defendants agree to have the amount of reasonable attorneys' fees and costs determined by the Court.

2.      Any judgment entered pursuant to this offer shall fully and completely terminate the Action with prejudice and shall have claim preclusive effects as between Plaintiff and Defendants.  For the avoidance of doubt, any judgment entered pursuant to this offer shall satisfy, settle, resolve, and eliminate any cause of action or claim by Plaintiff against, implicating, or involving Defendants arising out of the transactions, occurrences, and operative facts relating to the Action, whether or not such causes of action or claims are asserted, known, or suspected by Plaintiff, but any judgment entered pursuant to this offer shall have no claim or issue preclusive effect in, or otherwise settle or terminate, any other actions brought by Plaintiff against other defendants or brought by NCUA in its capacity as liquidating agent of other credit unions, including but not limited to, U.S. Central Federal Credit Union and Western Corporate Federal Credit Union.

3.      This offer of judgment and any judgment entered pursuant to it shall not constitute or otherwise be construed as an admission by Defendants of any allegations, assertions, or averments contained in any complaint, motion, letter, or other paper submitted or filed by Plaintiff.

4.      This offer of judgment and any judgment entered pursuant to it shall not constitute or otherwise be construed as an admission of liability in any respect, including but not limited to any Defendant's liability to the Plaintiff.

2

5.　　This offer of judgment and any judgment entered pursuant to it shall not constitute or otherwise be construed as an admission of the insufficiency of any defense, affirmative or otherwise, Defendants have or could have asserted.

6.　　This offer of judgment and any judgment entered pursuant to it shall not have any collateral estoppel or issue preclusive effects in any other judicial, regulatory, administrative, or other proceeding, including but not limited to the matters captioned *NCUA Bd. v. RBS Securities Inc., et al.*, No. 11-cv-5887 (C.D. Cal.), *NCUA Bd. v. RBS Securities Inc., et al.*, No. 11-cv-2340 (D. Kan.), and *FHFA v. Royal Bank of Scotland PLC, et al.*, No. 11-cv-01383 (D. Conn.).

7.　　In the event this offer is not accepted and judgment is not entered pursuant to its terms, Defendants retain, reserve, and preserve any and all rights to contest liability and damages in any further proceedings.

8.　　Pursuant to Federal Rule of Civil Procedure 68, this offer of judgment is made at least fourteen days before the date set for trial. This offer shall be deemed withdrawn unless written notice of acceptance is received within fourteen days of service.

DATED: September 2, 2015　　　　　　KIRKLAND & ELLIS LLP

　　　　　　　　　　　　　　　　　*/s/ R. Alexander Pilmer*
　　　　　　　　　　　　　　　　　R. Alexander Pilmer
　　　　　　　　　　　　　　　　　KIRKLAND & ELLIS LLP
　　　　　　　　　　　　　　　　　333 South Hope Street
　　　　　　　　　　　　　　　　　Los Angeles, CA 90071
　　　　　　　　　　　　　　　　　Telephone:  (213) 680-8400
　　　　　　　　　　　　　　　　　Facsimile:  (213) 680-8500

　　　　　　　　　　　　　　　　　*Attorneys for Defendants RBS Securities Inc. (f/k/a Greenwich Capital Markets, Inc.) and RBS Acceptance Inc. (f/k/a Greenwich Capital Acceptance, Inc.)*

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

NATIONAL CREDIT UNION                            )
ADMINISTRATION BOARD, as                         )
Liquidating Agent of Southwest                   )
Corporate Federal Credit Union, and Members      )
United Corporate Federal Credit Union,           )   Case No. 13-cv-6726 (DLC)
                                                 )
                                                 )
                      Plaintiff,                 )
                                                 )
v.                                               )
                                                 )
RBS SECURITIES, INC., f/k/a GREENWICH            )
CAPITAL MARKETS, INC., RBS                       )
ACCEPTANCE, INC.                                 )

                      Defendants.

.

## AFFIRMATION OF SERVICE

I, David C. Frederick, declare under penalty of perjury that on September 15, 2015, I

served a copy of the attached written notice accepting Offer of Judgment by electronic mail and

Federal Express on:

> R. Alexander Pilmer
> Kirkland & Ellis LLP
> 333 S. Hope Street
> Los Angeles, CA  90071
> alex.pilmer@kirkland.com

Dated:  September 15, 2015

> /s/ David C. Frederick
> KELLOGG, HUBER, HANSEN, TODD,
> EVANS & FIGEL P.L.L.C.
> 1615 M Street, N.W., Suite. 400
> Washington, D.C. 20036
> (202) 326-7900
> dfrederick@khhte.com