UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X------------------------------------------------------------X
NATIONAL CREDIT UNION
ADMINISTRATION BOARD, as Liquidation
Agent of Southwest Corporate Federal Credit
Union, and Members United Corporate Federal
Credit Union,

                    Plaintiff,

-against-

RBS SECURITIES, INC., f/k/a GREENWICH
CAPITAL MARKETS, INC., RBS
ACCEPTANCE, INC.,

                    Defendants.
X------------------------------------------------------------X

13 CIV 6726 (DLC)

**JUDGMENT**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/21/2015

      Whereas pursuant to Fed. R. Civ. P. 68, Defendants RBS Securities, Inc. (f/k/a Greenwich Capital Markets, Inc.) and RBS Acceptance, Inc. (f/k/a Greenwich Capital Acceptance, Inc.) (collectively, "Defendants"), having offered to allow judgment to be taken against them in favor of Plaintiff National Credit Union Administration Board as liquidating agent for Southwest Corporate Federal Credit Union and Members United Corporate Federal Credit Union ("Plaintiff") in the action captioned *NCUA Bd. V. RBS Securities Inc., et al., No. 13-cv-6726-DLC (S.D.N.Y.)* (The "Action") under the following terms:

    1.    Plaintiff shall recover $129.6 million from Defendants. In addition, Defendants shall pay any and all reasonable costs and attorneys' fees allowable under law in connection with Plaintiff's prosecution of the Action. If Plaintiff and Defendants are unable to reach agreement on this amount, Defendants agree to have the amount of reasonable attorneys' fees and costs determined by the Court.

    2.    Any judgment entered pursuant to this offer shall fully and completely terminate the

Action with prejudice and shall have claim preclusive effects as between Plaintiff and Defendants. For the avoidance of doubt, any judgment entered pursuant to this offer shall satisfy, settle, resolve, and eliminate any cause of action or claim by Plaintiff against, implicating, or involving Defendants arising out of the transactions, occurrences, and operative facts relating to the Action, whether or not such causes of action or claims are asserted, known, or suspected by Plaintiff, but any judgment entered pursuant to this offer shall have no claim or issue preclusive effect in, or otherwise settle or terminate, any other actions brought by Plaintiff against other defendants or brought by NCUA in its capacity as liquidating agent of other credit unions, including but not limited to, U.S. Central Federal Credit Union and Western Corporate Federal Credit Union.

3. This offer of judgment and any judgment entered pursuant to it shall not constitute or otherwise be construed as an admission by Defendants of any allegations, assertions, or averments contained in any complaint, motion, letter, or other paper submitted or filed by Plaintiff.

4. This offer of judgment and any judgment entered pursuant to it shall not constitute or otherwise be construed as an admission of liability in any respect, including but not limited to any Defendant's liability to the Plaintiff.

5. This offer of judgment and any judgment entered pursuant to it shall not constitute or otherwise be construed as an admission of the insufficiency of any defense, affirmative or otherwise, Defendants have or could have asserted.

6. This offer of judgment and any judgment entered pursuant to it shall not have any collateral estoppel or issue preclusive effects in any other judicial, regulatory,

administrative, or other proceeding, including but not limited to the matters captioned *NCUA Bd. v. RBS Securities Inc., et al.*, No. 11-cv-5887 (C.D. Cal.), *NCUA Bd. v. RBS Securities Inc., et al.*, No. 11-cv-2340 (D. Kan.), and *FHFA v. Royal Bank of Scotland PLC, et al.*, No. 11-cv-01383 (D. Conn.).

In a letter dated September 15, 2015, Plaintiff's attorney having provided notice that it accepts the offer of judgment, and the matter having come before the Honorable Denise Cote, United States District Judge, and the Court on September 15, 2015 having rendered its Memo Endorsed Order endorsing the Notice of Acceptance of Offer of Judgment, it is,

**ORDERED, ADJUDGED, AND DECREED**, That pursuant to the Court's Memo Endorsed Order, judgment is entered as follows:

1. Plaintiff shall recover $129.6 million from Defendants. In addition, Defendants shall pay any and all reasonable costs and attorneys' fees allowable under law in connection with Plaintiff's prosecution of the Action. If Plaintiff and Defendants are unable to reach agreement on this amount, Defendants agree to have the amount of reasonable attorneys' fees and costs determined by the Court; and

2. The Action is terminated with prejudice.

**DATED:** New York, New York
September 21, 2015

RUBY J. KRAJICK
Clerk of Court
BY: _____
Deputy Clerk

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____